UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GAYLE MORIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-05-178-B-W |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTIONS TO EXCLUDE EXPERT TESTIMONY**

Based on agreement of the parties, the Court grants the motions in limine to exclude the expert testimony of two witnesses. As to a third expert, because the Plaintiff failed to provide the Court with the proffered expert's report, the Court denies her motion to exclude the witness's testimony as an expert.

**I. STATEMENT OF FACTS**

On or about September 9, 2003,[1] Donald A. Morin, Jr.[2] was living in a house located at 121 Wings Mills Road, Readfield, Maine, when it was damaged by fire. *Def.'s Statement of Material Facts* (DSMF) ¶¶ 1, 2 (Docket # 14); *Pl.'s Statement of Material Facts* (PSMF) ¶¶ 1, 2 (Docket # 24). Plaintiff has alleged that the fire damage is covered under a State Farm insurance policy and that State Farm has wrongfully refused to pay the insurance proceeds. *Second Am. Compl.* ¶¶ 2, 3 (Docket # 8).

---

[1] The Second Amended Complaint alleged that the date of the fire was September 7, 2003; however, in its Statement of Material Fact Number 1, State Farm alleged that the actual date was September 9, 2003. *Def.'s Statement of Material Facts (DSMF)* ¶ 1. The Plaintiff admitted this Statement. *Pl.'s Statement of Material Facts (PSMF)* ¶ 1.

[2] Mr. Morin died after initiating this cause of action. *Suggestion of Death Upon the R. Under Rule 25(a)(1)* (Docket # 21). Gayle Morin, the personal representative of his estate, has been substituted as plaintiff. *Unopposed Mot. to Substitute Party* (Docket # 32); *Order* (Docket # 33).

Among the issues in the case is the cause of the fire, namely "whether the fire was set, [and] whether Mr. Morin set the fire…." *Def.'s Mot. for Summ. J.* at 2 (Docket # 13). Both parties have listed experts to address the issue. Specifically, Defendant intends to call Timothy York and Laurel V. Waters as witnesses; Plaintiff intends to call Kenneth Grimes.

## II.  DISCUSSION

### A.  State Farm Witness Timothy York

Timothy York is a member of the State Fire Marshal's Office and State Farm identified him as a potential expert on December 21, 2006.  *Def.'s Opp'n to Pl.'s Mot. to Exclude Expert Witness Timothy York* at 1 (Docket # 19)(*Def.'s Opp'n re: York*).  He is a Certified Fire Investigator (CFI), a certification sanctioned by the International Association of Arson Investigators.  *Pl.'s Mot. To Exclude Expert Witness Timothy York* at 2 (Docket # 11)(*Mot. to Exclude York*).  Mr. York investigated the fire and prepared a report containing "a few basic observations" about the cause of the fire.  *Id.* at 1.  He concluded that "'the cause of the fire is intentional human element with the use of an ignitable liquid.'" *Id*.

Despite his credentials, State Farm has agreed not to call Mr. York as an expert witness.  *Def.'s Opp'n re: York* at 1-2.  State Farm does not object to Mr. York's testimony "being limited to factual statements, so long as some leeway is granted to allow him to testify about the sorts of observations and assessments he makes on an everyday basis given the nature of his position with the State of Maine."  *Id.* at 2.  State Farm suggests sidebar rulings at trial to clarify whether specific proposed testimony is expert or lay.

The Court recently addressed the issues that arise when lay witnesses are clothed as experts or experts are clothed as lay witnesses.  *Downeast Ventures, LTD. v. Wash. County*, No. CV-05-87-B-W, 2006 U.S. Dist. LEXIS 64233 (D. Me. Sept. 7, 2006); *Falconer v. Penn*

*Mar., Inc.*, 421 F. Supp. 2d 190, 208 (D. Me. 2006). The "line between expert testimony under Fed. R. Evid. 702 . . . and lay opinion testimony under Fed. R. Evid. 701 . . . is not easy to draw." *United States v. Ayala-Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005)(quoting *United States v. Colon-Osorio*, 360 F.3d 48, 52-53 (1st Cir. 2004)). However, a witness does not become an expert simply by testifying about "the particularized knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701 advisory committee notes. Nevertheless, if the proponent of such testimony failed to designate the witness as an expert, the party "can anticipate that the court will monitor and may restrict the contours of his testimony at trial." *Downeast*, at 11.

This is apparently what the parties now propose. State Farm agrees that Mr. York may not testify as an expert, but will offer his lay testimony concerning facts he observed during the course of his investigation of the 121 Wings Mills Road fire. The Court, therefore, grants the motion in limine and State Farm, as it concedes, may not elicit expert testimony from Mr. York.[3]

### B. State Farm Witness Laurel V. Waters

On December 21, 2005, State Farm disclosed its intention to call Laurel V. Waters as an expert witness at trial. *Def.'s Opp'n to Pl.'s Mot. to Exclude Expert Witness Laura Waters* at 2 (Docket # 20)(*Def.'s Opp'n re: Waters*).[4] Ms. Waters is a forensic scientist, working for Analytical Forensic Associates. *Pl.'s Mot. to Exclude Expert Witness Laurel V. Waters* at 1, 2 (Docket # 12)(*Pl.'s Mot. to Exclude Waters*). State Farm gave Ms. Waters a sample of the burned wood to test for the presence of ignitable liquids and she subjected the sample to a

---

[3] The Plaintiff's motion is phrased awkwardly to exclude "Expert Witness Timothy York". *Pl.'s Mot.* at 1. The Court will not exclude Mr. York as a witness, but will not allow him to testify as an expert.

[4] Plaintiff refers to Ms. Waters as Laurel Waters; Defendant refers to her variously as Laura and Laurel. The Court assumes for purposes of this motion that her first name is Laurel.

variety of tests per the American Society for Testing Materials standards. *Id*. at 1. Following the tests, she apparently reduced her opinions resulting from these tests to a report, which State Farm has provided to Plaintiff. *Def.'s Opp'n re: Waters* at 2.

The Plaintiff contends that the report failed to describe Ms. Waters' methodology as required by Fed. R. Civ. P. 26(a)(2)(B). *Pl.'s Mot. to Exclude Waters* at 2. Although she quotes liberally from Ms. Waters' report, Ms. Morin failed to submit a copy to the Court. In response, State Farm, also neglecting to provide a copy of the report, asserts that the methodology is adequately described, at least for purposes of the Rule 26(a)(2)(B) required disclosure. Without the report, the Court is in no position to judge its completeness and will not draw any conclusions based on the snippets quoted by the parties. As the burden is on Ms. Morin to justify exclusion of Ms. Waters' testimony, the Court denies her motion.[5]

### C. Plaintiff Witness Kenneth Grimes

Ms. Morin listed Kenneth Grimes as an expert to testify about "other fires in the area and time of the fire [at 121 Wings Mills Road]." *Def.'s Mot. To Exclude Expert Kenneth Grimes* at 1 (Docket # 16). State Farm moved in limine to exclude Mr. Grimes' testimony on the ground that the testimony is "simply not probative of whether Mr. Morin set his home on fire or not." *Id*. at 2. Ms. Morin failed to file any objection to State Farm's motion in limine and on September 7, 2006, the Court confirmed, in a telephone conference with counsel, that Ms. Morin does not object to the State Farm's motion to exclude the testimony. The Court grants State Farm's motion in limine to exclude the expert testimony of Mr. Grimes.

---

[5] To assist counsel, it appears from the quoted passages of Ms. Waters' report that the issue of methodology is one for cross-examination, not exclusion.

## III.  CONCLUSION

The Court GRANTS in part Plaintiff's Motion to Exclude Expert Witness Timothy York (Docket # 11) and will exclude any expert testimony by Mr. York at trial, but DENIES the Plaintiff's Motion to the extent it seeks to exclude Mr. York as a lay witness.  The Court DENIES Plaintiff's Motion to Exclude Laurel V. Waters (Docket # 12) and GRANTS without objection Defendant's Motion to Exclude Kenneth Grimes (Docket # 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2006